14331

DUKES v. SMOAK *ET AL.*, TRUSTEES OF SCHOOL DISTRICT

(186 S. E., 780)

Before Moss, J., County Court, Orangeburg, February, 1936.

*Messrs. Zeigler & Brailsford,* for appellants,

*Mr. W. B. Martin,* for respondent, 

July 13, 1936.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

At a meeting of the board of trustees of School District No. 18 of Orangeburg County, held on April 6, 1935, a faculty was elected for the Branchville schools, located in said county, and a motion was made and carried which provided that the marriage of a woman teacher would disqualify her as a teacher in that school. The plaintiff-respondent, who before her marriage was Burnelle Lenaire Collins, was elected to teach the sixth grade. The superintendent of the schools, Mr. Lynch, was instructed by the trustees to notify all of the teachers of their election, and inform them of the condition that marriage subsequent to such election would disqualify a woman teacher.

Within a few days after the board meeting, Mr. Lynch, according to his testimony, pursuant to his instructions, advised the teachers (several of whom were unmarried women), of their re-election and of the condition as to marriage.

The plaintiff was married on the 18th day of July, 1935, prior to the opening of the school on the first Thursday in September. She was thereupon notified by the trustees that marriage constituted a breach of her contract and disqualified her as a teacher in the Branchville school, and she was denied the right to teach therein. The board elected another

teacher in her stead, who taught for the school session of 1935-'36, and was paid for her services by the board.

The plaintiff brought this action for damages for breach of the contract of employment for the school year 1935-'36. The defendants interposed a general denial, set up the statute of frauds as a bar, and pleaded that the marriage of the plaintiff after her election disqualified her as a teacher in the Branchville school, both under the resolution adopted by the board of trustees, and under the express condition of her contract of employment.

Upon trial, a verdict was returned for the plaintiff, and the defendants appeal to this Court upon several exceptions, assigning error to the County Court in overruling the motion of the defendants made for a nonsuit, a directed verdict, and a new trial, and charging error committed in the instructions given to the jury.

The plaintiff contended in the trial below that she was not notified of her re-election as a teacher in the Branchville school until May 11th, and that she accepted the offer of employment on that date, thereby completing the contract; that she was not told of the marriage restriction adopted by the board of trustees, and for this reason she was not bound by it. She testified, however, that she knew of the provision prior to her marriage on July 18th, but not officially. The burden was upon the plaintiff to prove the existence and terms of the contract she alleged, and its breach. In order to do this, resort was necessarily had to the minutes of the meeting of the school board of April 6, 1935, showing the election of the teachers. Pursuant to notice served upon the defendants, the minutes were produced, and the respondent offered in evidence only the parts of the minutes which were deemed pertinent and applicable to her case, but leaving out that portion providing for the marriage disqualification. Thereafter the defendants introduced in evidence all of the minutes of the meeting of April 6th, which read as follows: ·

"April 6, 1935.

"The Board of Trustees of the Branchville Public Schools held a meeting on the afternoon of April 6 at 4 o'clock for the purpose of electing teachers.

"The Superintendent was asked to make a report in regard to the work done by each teacher and accepted as information.

"It was then decided to pay each lady teacher a bonus of four dollars per month for nine months ($36.00), Mr. Bonnett a bonus of fifty dollars, Mr. Lynch a bonus of One Hundred Dollars, provided funds are sufficient.

"A motion was made to elect the faculty as a whole with the following provisions: Mrs. Noble subject to the acceptance of the County Board.

"A motion was made and carried that any lady teacher who married at once became disqualified as a teacher in the Branchville Schools.

"The faculty is to consist of the following (we omit names of other teachers), Sixth Grade, Miss Collins.

"The salary for the lady teachers was set at the state schedule; Mr. Bonnett one hundred per month for nine months; one hundred and sixty dollars for ten months.

"Board of Trustees

"L. H. FAIREY, Chairman,

"J. B. HENDERSON,

"GARY SMOAK."

Over objection, the respondent testified that she accepted and made a contract with appellants, and that no conditions were attached to the contract. This was on May 11th. The contract was for nine school months; she was to start teaching on the first Thursday in September, and continue for nine months—until the last week in May or the first week in June. She further testified that they agreed to pay her $75.00 per month, the State rating.

The respondent contends, first, that the contract made by her with the board was a verbal contract. If so, it is obvious

that it was one not to be performed within a year from its date, and would, therefore, be obnoxious to the Statute of Frauds. Section 7044, Code 1932.

It is next argued that if this position is incorrect, the minutes of the meeting of the board of trustees is a sufficient "memorandum in writing" to satisfy the statute. Granting this, for the sake of the argument, it will not aid the respondent, as we shall show. From the view which we take of the law and the evidence, it is not deemed necessary to consider any other point in the case save that in appellants' seventh exception, to wit: "The Court erred in overruling defendants' motions for a nonsuit and directed verdict upon the ground that plaintiff violated her contract of employment by marrying, the error being that the testimony conclusively showed that plaintiff did marry before the time for performance arrived, and that this, under the terms of the contract between the parties, disqualified her from performance."

The respondent had no way or means to prove the existence, terms, and provisions of the contract here alleged, other than by introduction of the minutes of the meeting of the board of trustees of April 6th. This was the best evidence. There was no other source from which competent proof tending to support the allegations of her complaint could be obtained. The entire minutes of that meeting having been introduced in evidence, she must stand or fall by what those minutes contain.

Section 5369, 1932 Code, as amended by Acts of the General Assembly 1933 (Act May 16, 1933, 38 St. at Large, p. 493), provides in part: "No teacher or other employee shall be employed or any purchase made [by the Trustees], except in a duly called meeting of the board, * * * and unless such action or the memoranda of the terms of any such contract of employment or purchase shall be duly recorded in the minutes of such meeting and approved by the board."

The condition providing that respondent would be disqualified if she married during the period covered by the contract was one of the express terms thereof; this condition was recorded in the minutes of the meeting, and was approved by the board. This condition of the contract "recorded in the minutes" and "approved by the Board" cannot be discarded on the ground that the plaintiff had no notice thereof.

A document or writing offered in evidence must as a general rule be considered in its entirety, the parts operating against the interest of the party offering it, as well as the parts in his favor; and when a part of a record has been introduced by one party, the whole may be introduced by the other party. This statement of the law of evidence applicable here is elementary. *Powers v. Standard Oil Company,* 53 S. C., 358, 31 S. E., 276.

The respondent must abide by the minutes of the meeting of the board of trustees taken in their entirety, and she cannot be permitted to carve out a part for her use, and reject the residue, which qualifies, explains, or pertains to the portion selected. *Carrier v. Hague,* 9 S. C., 454; *Cohen v. Robert,* 2 Strob., 410; *Cordray v. Mordecai,* 2 Rich:, 518.

Applying these rules of evidence to the question under consideration, it is clear that a verdict should have been directed for the defendants. Not only does the respondent admit in her testimony that she knew prior to her marriage of the marriage restriction adopted by the board of trustees, but having introduced in evidence the minutes of the meeting of the board in order to establish her contract of employment, she must be held bound by whatever appears therein. Indeed, without this memorandum she had no semblance of a valid contract. The provision appearing therein is that "any lady teacher who married at once became disqualified as a teacher in the Branchville Schools." She is bound by this condition, as a part of the

contract which she entered into, and which she breached by later entering into the marriage relation on July 18, 1935, subsequent to such contract, and prior to the commencement of the school term. There was no issue of fact to submit to the jury.

The judgment of the County Court is reversed, and the case remanded for entry of judgment in favor of the defendants.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER concur.

MR. JUSTICE CARTER did not participate.